**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| DELANO S. PRINCE, II,<br><br>Plaintiff,<br><br>v.<br><br>DESOTO TEXAS POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | 3:26-cv-00001-ACP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>[Dkt. 11] |

In June 2025, the State of Texas issued an arrest warrant for Delano S. Prince, II. The warrant was sent to Alaska, where Prince was living at the time, and the Anchorage Police Department arrested Prince at his home. Ultimately, Prince was never extradited to Texas, and Texas never prosecuted him.

Prince then filed this lawsuit seeking monetary damages under 42 U.S.C. § 1983, alleging several civil rights violations. He named various defendants in Texas alongside APD. But from APD, he only seeks "twenty-five dollars in damages," which will be "donated to the APD hot beverage fund." (Dkt. 1 at 12) APD filed a motion to dismiss; Prince did not respond. (Dkt. 11) As explained below, the motion is **GRANTED**.

## I. BACKGROUND FACTS

The State of Texas issued a warrant for Prince's arrest in June 2025. (Dkt. 1-1) Texas detectives believed that Prince was living in Alaska at the time, so the warrant was sent to

Alaska and APD arrested Prince at his home. (Dkt. 1 at 12) Shortly thereafter, Prince filed this lawsuit against several defendants from Texas and the APD.[1]

Prince's main dispute is with the Texas Defendants. He alleges that they violated his rights by seeking and executing the arrest warrant. (Dkt. 1) Specifically, he alleges that the Texas Defendants acted "with extreme malicious intent and wrongful purpose" and executed a warrant affidavit containing "a mix of fabrications and deliberate indifference." (Dkt. 1 at 8) This constituted "malicious, oppressive, and extreme reckless disregard" for his constitutional rights. (Dkt. 1 at 5)

Prince does not allege any intentional misconduct on APD's part. He complains that APD "as the arresting agency . . . *unknowingly* arrested an innocent citizen." (Dkt. 1 at 7 [emphasis added]) His view is that even though APD did not knowingly violate his rights, the "unlawful taint" of the deficiencies with the Texas warrant render APD liable:

> The Anchorage Police Department acted under the color of the law to assist in the violation of the [plaintiff's] 4th and 14th Constitutional protections. The plaintiff was arrested in his home in Anchorage, Alaska, on one count of a fugitive from justice warrant. This warrant was carried out by APD, and a direct result of a warrant issued by the DeSoto, Texas Police Department.

(Dkt. 1 at 12) Prince sued APD solely for "procedural reasons and because the events that caused the damage occurred in Anchorage." (Dkt. 1 at 12) He seeks "twenty-five dollars in damages" from APD and says that "this amount [will] be donated to the APD hot beverage fund." (Dkt. 1 at 12)

---

[1] Prince filed this lawsuit against APD as an institution, not any individual APD employees.

## II. LEGAL STANDARD

Civil Rule 12(b)(6) permits dismissal when a complaint fails "to state a claim upon which relief can be granted." The rule tests the legal sufficiency of the complaint, not the truth of the underlying factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must contain enough factual matter to state a plausible claim for relief. *Id.* Plausibility requires more than sheer possibility. Rather, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." *Id*. All well-pleaded factual allegations are accepted as true and construed in the light most favorable to the nonmoving party at this stage of litigation. *Adams v. U.S. Forest Serv*., 671 F.3d 1138, 1142-43 (9th Cir. 2012). Legal conclusions do not receive the same presumptions. *Iqbal*, 556 U.S. at 678.

## III. ANALYSIS

The complaint fails to state a valid claim against APD under 42 U.S.C. § 1983. It is well-established that local governing bodies are not liable under § 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Put another way, "local governments are [usually] responsible only for their *own* illegal acts," not the actions of others, including employees. *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (cleaned up).

Broadly speaking, there are two common ways to establish municipal liability for an employee's actions under § 1983. First, a plaintiff may prove that "the local government had a deliberate policy, custom or practice that was the moving force behind [a] constitutional violation." *Vanegas v. City of Pasadena*, 46 F. 4th 1159, 1167 (9th Cir. 2022)

(quoting *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012)). Second, a plaintiff may prove that a municipality's failure to train or supervise employees caused a constitutional violation. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153-54 (9th Cir. 2021). Prince has not adequately pleaded either type of *Monell* claim.

First, Prince did not adequately plead that APD's pattern, practice, custom, or policy led to a constitutional violation. Prince pleaded that APD "unknowingly arrested an innocent citizen" on a single occasion, pursuant to an out-of-state warrant. (Dkt. 1 at 7) But this type of *Monell* claim requires more than a single incident of unconstitutional conduct set against an otherwise lawful policy. *Benavidez*, 993 F. 3d at 1154-55 (affirming dismissal where claim focused on "the facts of a single incidence"). In other words, this type of liability "may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021) (internal quotations and citations omitted). Here, Prince alleges that, at worst, APD made a single unlawful arrest. As a matter of law, that conduct is not sufficiently pervasive to serve as the basis for this type of *Monell* claim.

Second, Prince did not adequately plead that APD's failure to train its officers caused a constitutional violation. For this claim, Prince had to allege "sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training [or supervision] policy that amounts to deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly train[ed] [or supervised] their employees." *Benavidez*, 993 at 1153-54. At a minimum,

Prince fails the second element. Again, Prince has conceded that APD did not know about the conduct in Texas that allegedly gave rise to the constitutional violation. And APD was acting pursuant to a garden-variety fugitive arrest warrant, which, absent much more, does not give rise to the inference that APD acted with deliberate indifference to the Constitution. *See United States v. Hensley*, 469 U.S. 221, 230 (1985) ("Certainly police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause."). Prince simply has not alleged facts showing that APD's training about how to execute warrants "amounts to a deliberate indifference to constitutional rights." *See Benavidez*, 993 at 1153. He thus failed to raise a plausible claim under the failure-to-train framework.

Prince's claims also fail because he did not plead facts showing that APD meaningfully caused the constitutional harm alleged in the complaint, and "[w]ithout such causation" there is no liability under § 1983. *Chaudhry v. Aragon*, 68 F.4th 1161, 1170 (9th Cir. 2023). To the contrary, Prince pleaded that "the DeSoto Police Department was the cause of [his] injury." (Dkt. 1 at 11) He sued APD solely because "all of the events that caused the plaintiff's injury happened in Anchorage." (*Id.*) Without more, Prince may not recover from APD for an alleged constitutional violation that it both did not know about and apparently did not cause. *See Chaudhry*, 68 F.4th at 1170-71 (requiring actual and proximate causation).

Prince may not amend the parts of his complaint dealing with APD. Leave to amend is often granted when a complaint is dismissed for failing to state a claim, but not if

amendment would be futile. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Having conceded APD neither knew about nor meaningfully caused the allegedly unconstitutional conduct at issue, there is no plausible way to amend his complaint with a viable *Monell* claim against APD. Prince did not even respond to the motion to dismiss or explain how his claims against APD could plausibly survive. Amendment thus would be futile.

## IV. CONCLUSION

The unopposed motion to dismiss at Docket 11 is **GRANTED**. Prince's claims against APD are **DISMISSED** with prejudice.

IT IS SO ORDERED.

DATED September 8, 2026, at Anchorage, Alaska.

/s/ *Aaron Christian Peterson*
Aaron Christian Peterson
United States District Judge